## CARR *et ux.* v. HUNT.

1. JURISDICTION. The fact that promissory notes which constituted plaintiff's cause of action were not due at the time of judgment and decree thereon, does not affect the jurisdiction of the court, or render the judgment and decree void.

2. SHERIFF'S DEED. That a Sheriff's deed was executed by a deputy does not constitute sufficient ground for setting it aside, at the instance of the execution defendant.

3. SALE AND SUBSEQUENT AGREEMENT. Where, after a sale of real estate by the Sheriff, in foreclosure, the parties agreed that the defendant should remain in possession until a certain date, when he should yield up all claim to the land to the mortgagee and purchaser, on condition that the decree should be credited $1,200 more than the amount of the bid; and where it appeared that this left $200 still due the respondent, for which he subsequently obtained a decree of foreclosure of another mortgage given to secure the same debt, upon other lands, in another county; it was held, that the transaction involved nothing inequitable, and nothing which entitled the mortgagor to equitable relief.

*Appeal from Benton District Court.*

FRIDAY, DECEMBER 5.

IN equity, to set aside and cancel a mortgage, decree in chancery, and sheriff's deed. Bill dismissed, and complainants appeal.

*Preston & Son* for appellants.

*Hubbard & Stephens* for appellees.

WRIGHT, J.— I. It is admitted that a portion of the notes secured by the mortgage were not due at the time of the decree of foreclosure, and that this decree foreclosed the mortgage for such notes as well as the one then due. It is a very great mistake, however to assume, that the court rendering the decree, had not, for this reason, jurisdiction of the cause, and that all the proceedings were void. Not only so, but the record shows that the decree was entered by consent and agreement.

II. That the Sheriff's deed was executed by the deputy of the Sheriff is no cause for setting it aside, at the instance of the defendant, in execution.   And then, if the *deed* was set aside, the judgment or decree and *sale* would remain. If the sale was valid, to set aside the deed would accomplish no practical good.

III. The main point relied upon by appellants, however, is, that they paid the mortgage debt, at least to the extent of the bid made by appellee at the Sheriff's sale, and that, in fact, the decree under which said sale was made, was fully paid and discharged.   We are satisfied that the truth as to this part of the case is, that after the sale by the sheriff, the parties agreed that the mortgagor should remain in possession of the mortgaged premises until a certain date, when he was to yield up such possession and surrender all claim to the land to the mortgagee and purchaser, upon condition that respondent would credit the whole decree, some $1,200 more than the amount of the bid. This left over $200 still due respondent, for which he subsequently obtained a decree of foreclosure in Linn county, upon other lands, covered by another mortgage given to secure the same debt.   And in all this, there was nothing inequitable, and certainly nothing to entitle complainant to the relief asked.

Affirmed.